UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08360-JAK (KSx) | Date | 12/08/2025 |
| Title | David Levinger v. Schneider National Carriers, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| M. Lindaya | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION TO REMAND (DKT. 9)

**I.     Introduction**

On July 24, 2025, David Levinger ("Plaintiff" or "Levinger"), brought this action against Schneider National Carriers, Inc. ("Defendant" or "Schneider"), and Does 1–50[1] in the Los Angeles Superior Court, asserting claims arising from Plaintiff's employment by Defendant. Dkt. 1-1. The Complaint advances eight causes of action: (i) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), under Cal. Gov't Code § 12940(a); (ii) failure to accommodate in violation of FEHA, under Cal. Gov't Code § 12940(m); (iii) failure to engage in the interactive process in violation of FEHA, under Cal. Gov't Code § 12940(b); (iv) retaliation in violation of Cal. Gov't Code § 12940(h) & (I)(4); (v) retaliation in violation of Cal. Lab. Code § 1102.5; (vi) wrongful termination in violation of public policy; (vii) intentional infliction of emotional distress; and (viii) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*. *Id.* ¶¶ 23–83. On September 4, 2025, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice of Removal"). Dkt. 1.

On October 3, 2025, Plaintiff filed a Motion for Remand (the "Motion"). Dkt 9. On October 17, 2025, Defendant filed an opposition to the Motion (the "Opposition" (Dkt. 12)), and a request for judicial notice in support of the Opposition (the "RJN" (Dkt. 12-1)). On October 31, 2025, Plaintiff filed a reply (the "Reply"). Dkt. 14. Pursuant to L.R. 7-15, it was determined that the Motion could be decided without a hearing, and the Motion was taken under submission. Dkt. 15. For the reasons stated in this Order, the Motion is **DENIED**.

**II.     Background**

     A.     Parties

It is alleged that Plaintiff is a resident of Los Angeles County, California, and that he was employed by Defendant as a truck driver from approximately May 5, 2024, to September 19, 2024 (the "Relevant Employment Period"). Dkt. 1-1 ¶ 2. It is alleged that Defendant is a Nevada corporation whose principal place of business is in Green Bay, Wisconsin. *Id.* ¶ 3.

---

[1] Pursuant to Local Rule 19-1, Does 11–50 are hereby dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08360-JAK (KSx) | Date | 12/08/2025 |
|---|---|---|---|
| Title | David Levinger v. Schneider National Carriers, Inc., et al. | | |

      B.      Allegations in the Complaint

It is alleged that Plaintiff was hired by Defendant on or about May 5, 2024, as a truck driver, and was then employed through Defendant's location in Phoenix, Arizona. Dkt. 1-1 ¶¶ 3, 20. It is alleged that on or about September 15, 2024, Plaintiff suffered a medical emergency during work hours and needed to leave work to seek immediate medical care. *Id.* ¶ 21. It is alleged that, at the earliest opportunity he had, Plaintiff informed Defendant "about his disability." *Id.* It is alleged that, once Plaintiff informed Defendant about his disability and need for accommodations, on or about September 19, 2024, Defendant terminated Plaintiff's employment. *Id.* ¶¶ 3, 22.

In the Complaint, Plaintiff seeks general damages, special damages, punitive damages, penalties pursuant to the California Labor Code, lost earnings, an award of attorney's fees, prejudgment interest, costs and declaratory relief. *Id.* at 14–15.

**III.**      **Request for Judicial Notice**

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Court orders and other docketed court filings are properly subject to judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.") (internal citations omitted); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 943 (C.D. Cal. 2014) (taking judicial notice of court orders in other matters).

Defendant seeks judicial notice of eight documents -- verdict forms, judgments, award summaries and a declaration from counsel in another matter. Each of them was filed in actions in a California state court or ones in this District. *See* Dkt. 12-1. Because the documents are all a matter of public record, no issues of authenticity have been presented and Plaintiff has not opposed the RJN, judicial notice is appropriate. *See Harris*, 682 at 1132. Therefore, the RJN is **GRANTED**.

**IV.**      **Analysis**

      A.      Legal Standards

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08360-JAK (KSx) | Date | 12/08/2025 |
| Title | David Levinger v. Schneider National Carriers, Inc., et al. | | |

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Salter*, 974 F.3d at 964 (internal quotation marks omitted)).

In response to a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the moving party does not contest the factual allegations made in the removal notice, but instead asserts that they are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence that establishes them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

   B.  Application

Plaintiff moves to remand on the grounds that Defendant has not met its burden to show the basis for diversity jurisdiction. Dkt. 9 at 6. Plaintiff does not dispute diversity of citizenship between the parties but contends that Defendant has not shown that the amount in controversy exceeds $75,000. *Id.* at 5–14.

     1.  <u>Amount in Controversy</u>

When an action is removed based on diversity jurisdiction, the removing party bears the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08360-JAK (KSx) | Date | 12/08/2025 |
|---|---|---|---|
| Title | David Levinger v. Schneider National Carriers, Inc., et al. | | |

(compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.' " *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

As noted, the amount in controversy is assessed at the time of removal. *Id.* at 417. Thus, it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 415. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' " *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)).

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). The parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

    (a)    Lost Income and Future Lost Income

The Complaint seeks compensatory damages for past lost income and loss of future earning capacity. Dkt. 1-1 at 13–14. The Complaint does not include allegations as to the total amount of damages sought for these alleged injuries. *See generally id*. In support of the Notice of Removal, Defendant submitted the declaration of Jill Holley-Gauthier, the Director of Payroll for the parent company of Defendant (the "Holley-Gauthier Decl."). Dkt. 4. Holley-Gauthier declares that she has reviewed Defendant's personnel, payroll and wage records for Plaintiff and that they reflect that Plaintiff was a full-time employee from May 6, 2024 to September 19, 2024, and that he was scheduled to work 40 hours a week, with an effective hourly rate of pay of $24.33. *Id.* ¶ 6.

The Notice of Removal alleges that the amount in controversy for Plaintiff's past and future lost income is $99,266.40. Dkt. 1 ¶¶ 28–30. This is based on an assumption of 50 weeks of past lost wages -- from September 19, 2024 to September 4, 2025 (the date the Notice of Removal was filed) -- totaling $48,660 (50 weeks x 40 hours per week x $24.33 per hour). *Id.* It also includes a calculation of future lost wages through the estimated date of trial -- from September 4, 2025 through September 4, 2026 (estimating the trial date to be 12 months from the date of removal) -- totaling $50,606.40 (52 weeks x 40 hours per week x $24.33 per hour). *Id.* In the Notice of Removal, Defendant alleges that an estimated trial date of 52 weeks from removal is a conservative estimate because the 2024 Civil Federal Caseload Statistics for the Central District reflect a median time interval of approximately 28.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08360-JAK (KSx) | Date | 12/08/2025 |
|---|---|---|---|
| Title | David Levinger v. Schneider National Carriers, Inc., et al. | | |

months from case filing to trial. *Id.* ¶ 29 n.4.

Plaintiff challenges Defendant's compensatory damages calculation and argues that Defendant's asserted hourly rate and number of hours worked per week are inaccurate. Dkt. 9 at 6–7. Plaintiff's counsel submitted a declaration in support of the Motion ("Pineda Decl.") and included copies of three paystubs from Plaintiff's employment with Defendant. Dkt. 9-1. There are also copies of Plaintiff's 2024 W2 form, and the notice of the maximum amount of disability benefits Plaintiff would receive. *Id.* Plaintiff contends that the three paystubs show that Plaintiff did not receive payment based on an hourly rate but was paid based on number of miles he drove during the period. Dkt. 9 at 6–7. Further, Plaintiff argues that the attached paystubs show that Plaintiff was averaging 32 hours of work per week, not the 40 assumed by Defendant. *Id.* at 7. Plaintiff contends that his first paystub shows an hourly rate of pay of $14.17, when dividing $648.56 (the amount Plaintiff was paid for "MinPay", "OrientDrivin" and "Orienton Duty") by 45.77 (the number of hours worked that period). *Id.*; *see* Dkt. 9-1 at 6.

In the Opposition, Defendant agrees that Plaintiff was not paid an "hourly rate" but contends that the Holley-Gauthier Decl. captures an "effective" hourly rate based on Plaintiff's overall pay for miles driven, on-duty time, orientation and training time, and paid rest breaks divided by the number of hours worked. Dkt. 12 at 18–19. In support of the Opposition Defendant submitted a supplemental declaration from Jill Holley-Gauthier ("Holley-Gauthier Suppl. Decl."). Dkt. 12-3. She declares that she calculated Plaintiff's "effective" hourly rate by taking the $20,381.53 Plaintiff received in total compensation throughout his employment, and subtracting from it the $1232.22 Plaintiff received for his Paid Time Off-payout, and then dividing that amount ($20,381.53 -$1232.22 = $19,149.31) by the total number of hours Plaintiff logged for "on duty" and/or "driving time" throughout his employment, which was 787.3 hours. *Id.* ¶ 6. Holley-Gauthier declares that, based on those calculations, Plaintiff's "effective" hourly rate during his employment was $24.33 per hour.

In the Reply, Plaintiff argues that the Holley-Gauthier Suppl. Decl. is insufficient because the final paystub Plaintiff received shows that his year-to-date compensation for "MileagePay" and "OnDutyPay" totals $16,970.53, whereas the $19,149.31 figured provided by Holley-Gauthier was Plaintiff's "Gross Pay." Dkt. 14 at 5 (citing 14-1 at 12). Plaintiff contends that the $19,149.31 gross pay total encompasses wages for rest breaks, reimbursements, layover and breakdown, which should not be considered in calculating the effective hourly rate. *Id.* Thus, Plaintiff argues that, "[a]t minimum, the hourly rate is $2.77 less" than Defendant's proffered hourly rate of $24.33.

Based on a review of the evidence proffered, Defendant has shown by a preponderance of the evidence that the amount in controversy for lost income and future lost earning capacity exceeds $75,000. Plaintiff's final paystub shows that his year-to-date gross pay was $19,149.31. Dkt. 14-1 at 12. Assuming, as Plaintiff suggests, that pay for "Breakdown," "Layover," and "RmbGas," "RestBrk," and "RestBrkRetro," should not be included when providing the total pay for the purpose of calculating an effective hourly rate, the total would be $17,664.91, not $16,970.53.[2] Further, as noted, Holley-Gauthier declares that the total number of hours Plaintiff logged for "on duty" and/or "driving time" while employed by Defendant was 787.3 hours. Dkt. 12-3 ¶ 6. $17,664.91/787.83 hours provides an effective hourly rate of approximately $22.44. Further, the evidence proffered through the Holley-Gauthier Decl.

---

[2] $19,149.31 ("Gross Pay") - $582.13 ("Breakdown") - $200 ("Layover") - $612.15 ("RestBrk") - $76.05 ("RmbGas") - $14.07 ("RestBrkRetro") = $17,664.91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08360-JAK (KSx) | Date | 12/08/2025 |
|---|---|---|---|
| Title | David Levinger v. Schneider National Carriers, Inc., et al. | | |

and the Holley-Gauthier Suppl. Decl. is sufficient to show that Plaintiff worked approximately 40 hours per week on average. She declares that Plaintiff logged 787.3 for "on duty" and/or "driving time." Dkt. 12-3 ¶ 6. The Complaint alleges that Plaintiff was employed by Defendant from May 5, 2024 to September 19, 2024. Dkt. 1-1 ¶ 3. Thus, Plaintiff worked an average of approximately 40 hours per week.[3] Accordingly, to the extent Plaintiff seeks lost income damages from September 19, 2024 to September 4, 2025, which is when the action was removed, the amount in controversy would be $44,880 ($22.44 per hour x 40 hours per week x 50 weeks).

Plaintiff also seeks future lost income damages. *See* Dkt. 1-1 ¶¶ 29, 36. Where a complaint claims damages for past and future earnings, such future lost earnings are "at stake" and are to be included in the amount in controversy calculation. *See Reese v. Daikin Comfort Techs. Distrib., Inc.*, 729 F. Supp. 3d 980, 987 (C.D. Cal. 2024) (collecting cases). Defendant has shown by a preponderance of the evidence that the amount in controversy for future lost income would be at least $46,675.20 ($22.44 per hour x 40 hours per week x 52 weeks).

Plaintiff's primary objection to this calculation is Defendant's estimate of 52 weeks (one year) from the removal date to the commencement of trial for the purpose of the future lost income calculation. *See* Dkt. 9 at 8. Plaintiff argues, "[w]e reasonably assume that our trial date would be well before the purported 52 weeks assessed. We would posit that a 30-week trial period is more reasonable." *Id.* However, Plaintiff does not provide any support for his contention. In contrast, Defendant provides caseload statistics to show that in 2024, the time from filing to trial in the Central District was approximately 28.1 months (more than 112 weeks), and in 2025, it was approximately 24.2 months (more than 100 weeks). *See* Dkt. 1 ¶ 29 n.4; Dkt. 12 at 21. Accordingly, Defendant's 52-week estimate is not unreasonable to use in evaluating the amount in controversy. *See, e.g., Reese*, 729 F. Supp. 3d at 987 (C.D. Cal. 2024) ("Where a trial date is not yet set, courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay.") (collecting cases).

In light of the evidence as to alleged past lost income ($44,880) and future lost income ($46,675.20), Defendant has shown by a preponderance of the evidence that the amount in controversy is at least $91,555.20.

To the extent Plaintiff contends that any estimated amount of compensatory damages in controversy "must be reduced by the amount of disability wages Plaintiff has received," *i.e.*, $6558.52, it does not change the outcome. *See* Dkt. 9 at 7. Thus, $91,555.20 less $6558.52 equals $84,996.68, which exceeds $75,000.

Based on the foregoing, Defendant has shown by a preponderance of the evidence that the alleged compensatory damages total at least $84,996.68. Plaintiff also seeks an award of emotional distress damages, punitive damages and attorney's fees, which would increase this amount. However, because it has already been shown that the amount in controversy exceeds $75,000, it is unnecessary to analyze the amount in controversy due to these other claims for relief.

---

[3] The period from May 5, 2024 to September 19, 2024, is approximately 19.5 weeks. 787.3 hours/19.5 weeks = 40.4 hours per week.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08360-JAK (KSx) | Date | 12/08/2025 |
| Title | David Levinger v. Schneider National Carriers, Inc., et al. | | |

**V.      Conclusion**

Because Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 and there is no dispute that diversity of citizenship has been established, there is subject matter jurisdiction over this action. Therefore, the Motion is **DENIED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　　　　　
　　　　　　　　　　　　　　　　　　　　　Initials of Preparer　　LC2